UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiffs,      **MEMORANDUM OF LAW & ORDER**
v.     Crim. No. 11-306 (MJD/LIB)

CHRIS NEIL FERGUSON,

        Defendant.

Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

Manny K. Atwal, Office of the Federal Defender, and Kevin M. Magnuson, Kelley, Wolter & Scott, PA, Counsel for Defendant.

## I. Introduction

This matter is before the court on Defendant Chris Neil Ferguson's motion for a new trial.  [Docket No. 53.]  The Court denies Defendant's motion.

## II. Background

On January 12, 2012, a jury found Defendant guilty of domestic assault by a habitual offender in violation of 18 U.S.C. §§ 117(a)(1), 1151, and 1152.  During Defendant's cross-examination of FBI Special Agent Debbie Decker, Defendant's counsel became aware that Agent Decker had conducted interviews in April and

August 2010 beyond those which had been previously disclosed by the Government.  At that point in the trial, the Government disclosed additional interview summaries ("302 reports") that had been prepared by Agent Decker.  The Court took a recess to allow Defendant's counsel to review the newly disclosed 302 reports.  After examining the reports, Defendant moved for a mistrial.  The Court reviewed the 302 reports, allowed Defendant's counsel to examine Agent Decker with respect to the 302 reports, and after that examination denied Defendant's motion.  Defendant now asks for a new trial, arguing that the Government's late disclosure of the 302 reports prejudiced his defense.

## III.   Discussion

Under Federal Rule of Criminal Procedure 33, the Court may vacate any judgment and grant a new trial if the interest of justice so requires.  The decision of whether to grant a new trial is within the broad discretion of the Court.  <u>United States v. Dodd</u>, 391 F.3d 930, 934 (8th Cir. 2004).  "The court should balance the alleged errors against the record as a whole and evaluate the fairness of the trial to determine whether a new trial is appropriate."  <u>United States v. Eagle</u>, 137 F.3d 1011, 1014 (8th Cir. 1998) (citation omitted).  "Unless the court determines that a miscarriage of justice will otherwise occur, the jury's verdict

must be allowed to stand." United States v. Garcia, 569 F.3d 885, 889 (8th Cir. 2009). The Court's authority to grant a new trial should be exercised "sparingly and with caution." Id.

Defendant argues that the Government's failure to disclose Agent Decker's 302 reports before trial constitutes a violation of its duties under Brady v. Maryland, 373 U.S. 83 (1963). "To establish a Brady violation, a defendant is required to show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material." United States v. Keltner, 147 F.3d 662, 673 (8th Cir. 1998). "Brady does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." United States v. Jeanpierre, 636 F.3d 416, 422 (8th Cir. 2011) (quoting United States v. Almendares, 397 F.3d 653, 664 (8th Cir. 2005)).

Here, the belatedly disclosed material was given to Defendant before the close of the Government's case. As in Jeanpierre, Defendant had "the opportunity to call any additional witnesses based on the content of the reports." Id. Defendant could have recalled the Government's witnesses in light of the 302 reports disclosed during Agent Decker's testimony. Defendant could have

developed theories based on the reports during his defense. In short, the materials were disclosed "before it [was] too late for the defendant to use [them] at trial." Id. Because of the timing of the disclosures, and in light of Jeanpierre and Almendares, the Court concludes that the Government's late disclosure of the 302 reports did not constitute a Brady violation.

Defendant argues that the 302 reports contained new and material evidence favorable to his defense. In particular, Defendant notes that one of Agent Decker's 302 reports indicates that the victim stated that her daughter had taken pictures of the victim's injuries on her cell phone and sent them to a counselor at an assisted living facility. In a recorded interview with a different investigator, the victim stated that she was told to have her daughter take photographs of her injuries. Defendant argues that this difference in the statements is relevant because, at trial, the victim's daughter denied taking photographs or having had contact with staff at the assisted living facility, and a facility staff member testified that she had not received photographs.

The Court concludes that the discrepancies in the victim's daughter's statements are not material to the guilty verdict in this case. There were several discrepancies between the trial testimony of the victim and her daughter. A 302

report which added marginally more confusion about who told whom to take a photo of victim's injuries, or whether such photographs were forwarded to an assisted living facility, could not have materially altered a fact-finder's analysis in this case. In any event, as discussed above, Defendant had the 302 reports in question during the Government's case in chief, and had an opportunity to use that report in his own defense.

The Court has balanced the harm of the Government's late disclosure of the 302 reports "against the record as a whole and evaluate[d] the fairness of the trial to determine whether a new trial is appropriate." Eagle, 137 F.3d at 1014. For all of the above reasons and based on the Court's intimate knowledge of evidence presented at trial, the Court concludes that the Government's late production of the 302 reports was not a Brady violation nor did it result in a miscarriage of justice. See Garcia, 569 F.3d at 889.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for New Trial [Docket No. 53] is **DENIED.**

Dated: June 22, 2012          s/ Michael J. Davis
                              Michael J. Davis
                              Chief Judge
                              United States District Court